UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO TILE INSTITUTE WELFARE PLAN, et.al.<br><br>*Plaintiffs*,<br><br>v.<br><br>G&S TILE PROS, INC.,<br><br>*Defendant*. | No. 2026 CV 12433<br><br>Judge Lindsay C. Jenkins |

## JOINT INITIAL STATUS REPORT

Now come the Parties, by and through their attorneys, pursuant to the Court's order, filing this Report of Parties' Planning Meeting, pursuant to Fed. R. Civ. P. 26(f), in support the Parties state as follows:

1. **The Nature of the Case**:

A. Identify (names and contact information) for all attorneys of record for each party, including the lead trial attorney.

The attorney of record for Plaintiffs is Michael J. McGuire, of Marco, McGuire & Arreola, LLC. 1S443 Summit Ave, Suite 207, Oakbrook Terrace, IL 60181. Direct Phone: 872-206-8173. mmcguire@mma.law. Mr. McGuire is the lead attorney.

The attorney of record for Defendant is Mr. Todd A. Miller of Allocco, Miller & Cahill, PC. 20 N. Wacker Dr., Suite 3517, Chicago, IL 60606. Direct Phone: 312-675-4325. tam@alloccomiller.com. Mr. Miller is the lead attorney.

B. Briefly describe the nature of the claims asserted in the complaint and any counterclaims and/or third party claims.

Plaintiffs claim that the Defendant breached the provisions of the relevant CBA and Trust Agreements by failing to submit reports and pay fringe benefit contributions to the Plaintiffs for the time period June 2026 through the present. Plaintiffs are also seeking unpaid fringe benefits for the period of January 1, 2023, through December 31, 2025, as revealed by a fringe benefit compliance audit. Plaintiffs have also made a claim for liquidated damages, interest, audit costs, and attorney fees due to the breach.

There are no counterclaims pending.

C. Briefly identify the major legal and factual issues in the case.

Factual issues may revolve around payments made by Defendant and the aggregate amount owed the Defendant based on its reporting and payment to the Plaintiff Trust Funds.

Plaintiffs do not anticipate any major legal issues. Any legal issues will center around the interpretation of the terms of the Collective Bargaining Agreement and Trust Agreements as applied to the Defendant Corporation as well as issues related to liquidated, damages, interest and fees pursuant to *ERISA § 1132(g)(2)*.

D. State the relief sought by any of the parties.

Plaintiffs are seeking monetary damages which include unpaid fringe benefit contributions for the period of June 2026 forward, fringe benefit contributions for the time period of the audit, liquidated damages, interest, attorney fees and costs per the terms of the Trust Agreements and *ERISA* § *1132(g)(2)*.

2. **Jurisdiction**: Explain why the Court has subject matter jurisdiction over the plaintiff(s)' claim(s).

A. Identify all federal statutes on which federal question jurisdiction is based.

Federal jurisdiction in this matter is found under Section 502 of the Employee Retirement Income Security Act and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185) and Section 301 of the National Labor Relations Act, 29 U.S.C. §185(a) as amended.

3. **Status of Service**: Identify any defendants that have not been served.

The Defendant, G&S Tile Pros, Inc., was served on October 28, 2026. The Defendant has retained counsel. Mr. Miller has filed an appearance on behalf of the Defendant.

4. **Consent to Proceed Before a United States Magistrate Judge**: Confirm that counsel have advised the parties that they may proceed before a Magistrate Judge if they consent unanimously and advise whether there is, or is not, unanimous consent.

Counsel for the Plaintiff and Defendant confirm they have discussed with their clients proceeding with this matter before the Magistrate Judge. The Parties will consent to proceed before the Magistrate Judge and will file the appropriate consent form.

5. **Motions**:

A. Briefly describe any pending motions.

There are no pending motions.

B. State whether the defendant(s) anticipate responding to the complaint by filing an Answer or by means of motion.

The Defendant intends to file an Answer.

6. **Case Plan**:

A. Submit a proposal for a discovery plan, including the following information:

(1) The general type of discovery needed.

The Parties will require discovery on payments made by Defendant, hours worked by bargaining unit employees for Defendant during the audit period and the period of June 2026 forward. Financial information, bank records, and payroll records will also need to be reviewed and disclosed.

(2) A date for Rule 26(a)(1) disclosures;

The Parties will make Rule 26(1) disclosures by December 11, 2026.

(3) First date by which to issue written discovery;

The Parties will issue written discovery by January 8, 2027.

(4) A date for any amendments to the pleadings;

All pleadings will be amended (if any) by March 5, 2027.

(5) A fact discovery completion date;

Fact discovery will be completed by April 30, 2027.

(6) An expert discovery completion date, including dates for the delivery of expert reports; and

It is not anticipated that there will be expert witnesses in this matter. If experts are required, expert discovery will be completed by June 4, 2027 and the dates of reports shall be June 18, 2027.

(7) A date for the filing of dispositive motions.

Dispositive motions will be filed on or before July 23, 2027.

B. With respect to trial, indicate the following:

(1) Whether a jury trial is requested; and

A jury trial is not requested. Plaintiffs are not entitled to a jury.

(2) The probable length of trial.

The probable length of trial is 3-4 days.

7. **Status of Settlement Discussions**:

A. Indicate whether any settlement discussions have occurred;

To date, no settlement discussions have occurred. Defendant has voluntarily submitted one month of contributions claimed.

B. Describe the status of any settlement discussions; and

The Parties are discussing the reports and contributions owed as well as any potential challenges to the audit findings.

C. Whether the parties request a settlement conference.

The Parties do not request a settlement conference at this time.

Respectfully submitted,

/s/ Michael J. McGuire
Michael J. McGuire
Attorney for the Plaintiffs

/s/ Todd A. Miller
Todd A. Miller
Attorney for Defendant

Michael J. McGuire
ARDC#: 6290180
Marco, McGuire & Arreola, LLC
1S443 Summit Ave., Suite 207
Oakbrook Terrace, IL 60181
(773) 661-2361
mmcguire@mma.law

Todd A. Miller

Allocco, Miller & Cahill, PC
20 W. Wacker Drive, Suite 3517
Chicago, IL 60606
(312) 675-4325
tam@alloccomiller.com