**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CHICAGO TILE INSTITUTE WELFARE PLAN, CHICAGO TILE INSTITUTE PENSION PLAN, and the CERAMIC TILE AND TERRAZZO LOCAL 21 B.A.C ANNUITY PLAN, | CIVIL ACTION |
| *Plaintiffs,* | Case No. 2026 CV 12433 |
| v. | |
| G&S TILE PROS INC., | |
| *Defendant.* | |

**DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT**

NOW COMES Defendant, G&S TILE PROS INC., by and through its undersigned Counsel, Allocco, Miller & Cahill, P.C., and for its Answer to the Complaint of Plaintiffs, states as follows:

1. This action arises under Section 502 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185). Jurisdiction is founded on the existence of questions arising thereunder.

**ANSWER**: Defendant admits the allegations in Paragraph 1.

2. The CHICAGO TILE INSTITUTE WELFARE PLAN, the CHICAGO TILE INSTITUTE PENSION PLAN, and the CERAMIC TILE AND TERRAZZO LOCAL 21 B.A.C ANUITY PLAN, (hereinafter referred to as the "Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the CERAMIC TILE, TERRAZZO, AND GRANITE CUTTERS UNION LOCAL NO. 21. (hereinafter referred to as the "Union").

**ANSWER**: Defendant admits the allegations in Paragraph 2.

3. The Trust Funds are multi-employer plans as defined under 29 U.S.C. § 1002.

**ANSWER**: Defendant admits the allegations in Paragraph 3.

4. The Trust Funds are administered at 660 N. Industrial Drive, Elmhurst, Illinois and venue is proper in the Northern District of Illinois.

**ANSWER**: Defendant admits the allegations in Paragraph 4.

5. The Defendant, G&S TILE PROS, INC., (hereafter "Defendant") is an employer engaged in an industry affecting commerce which entered into a Collective Bargaining Agreement (hereinafter referred to as the "CBA") with the Union. (Exhibit A). The CBA binds the Defendant to the terms of the Trust Agreements which created the Trust Funds.

**ANSWER**: Defendant admits the allegations in Paragraph 5.

6. The CBA and Trust Agreements require the Defendant to submit monthly reports listing the hours worked by its bargaining unit employees (hereinafter referred to as "monthly contribution reports") and to make concurrent payment of contributions to the Trust Funds based upon the hours worked by said employees. In addition, the Defendant is required to make contributions to the Trust Funds measured by the hours worked by its subcontractors who are not signatory to a CBA with the Union.

**ANSWER**: Defendant admits the allegations in Paragraph 6.

7. The CBA and Trust Agreements provide that employers who do not timely pay fringe benefit contributions are also liable for liquidated damages, interest, reasonable attorney's fees, court costs, medical reimbursement expenses for members who fail to meet eligibility, and other reasonable costs incurred in the collection process.

**ANSWER**: Defendant admits the allegations in Paragraph 7.

8. The CBA and Trust Agreements require that an employer submit its books and records to the Trust Funds so that a fringe benefit compliance audit can take place to ensure that the proper contributions to the Trust Funds are being made.

**ANSWER**: Defendant admits the allegations in Paragraph 8.

9. The Defendant breached the provisions of the CBA and Trust Agreements by failing to submit fringe benefit contribution reports and pay all fringe benefit contributions shown to be due for the months of June 2026 to the present.

**ANSWER**: Defendant denies the allegations in Paragraph 9.

10. The Defendant breached the provisions of the CBA and Trust Agreements by failing to pay contributions as revealed by a fringe benefit compliance audit of its books and records for the time period of January 1, 2023 through December 31, 2025.

**ANSWER**: Defendant denies the allegations in Paragraph 10.

11. The Defendant breached the provisions of the CBA and Trust Agreements by failing to pay outstanding accrued liquidated damages and interest owed to the Trust Funds.

**ANSWER**: Defendant denies the allegations in Paragraph 11.

12. As a result of said breach, the Defendant is also liable to the plaintiffs for the following ancillary damages:

a. attorney fees and costs pursuant to the CBA and 29 U.S.C. §1132(g)(2)(D); and either

b. liquidated damages and interest pursuant to the CBA, Trust Agreements and 29 U.S.C. §1132(g)(2)(B); or

c. double interest pursuant to E.R.I.S.A., 29 U.S.C. §1132(g)(2)(C).

**ANSWER**: Defendant denies the allegations in Paragraph 12(a)-(c).

Dated: November 18, 2026

Respectfully submitted,

**G&S TILE PROS INC.**

By: /s/ Todd A. Miller
Attorney for Defendant

Todd A. Miller (ARDC #6216561)
Kathleen M. Cahill (ARDC #6269486)
**Allocco, Miller, & Cahill P.C.**
*Attorney for Defendant*
20 North Wacker Drive, Suite 3517
Chicago, IL 60606
Telephone: (312) 675-4325
Fax: (312) 675-4326
tam@alloccomiller.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on today's date, **November 18, 2026**, he electronically filed the attached, **Defendant's Answer to Plaintiff's Complaint**, with the Clerk of the Court using the CM/ECF system which will send notice of such filings to the following:

Attorneys for Plaintiffs:

Michael J. McGuire
ARDC#: 6290180
Marco, McGuire & Arreola, LLC
Attorney for Plaintiffs
1s443 Summit Ave., Suite 207
Oakbrook Terrace, IL 60181
(773) 661-2361
mmcguire@mma.law

/s/ Todd A. Miller

Attorneys for Defendant:

Todd A. Miller (ARDC #6216561)
Kathleen M. Cahill (ARDC #6269486)
**Allocco, Miller, & Cahill P.C.**
*Attorney for Defendant*
20 North Wacker Drive, Suite 3517
Chicago, IL 60606
Telephone: (312) 675-4325
Fax: (312) 675-4326
tam@alloccomiller.com